JAMES RHODES, COMPLAINANT AND APPELLANT, *v.* WILLIAM B. FARMER, WILLIAM FELLOWS, AND CORNELIUS FELLOWS.

Where a complainant sought to recover by bill in chancery the proceeds of a judgment which he alleged that his debtor had against a third person, and it turned out that his debtor had only an interest of one fourth, which fourth was collected and the proceeds paid over to the solicitor of the complainant during the pendency of the suit, the bill was properly dismissed at the cost of the complainant.

The assignment of the judgment was, in reality, conditional, although absolute on its face; and the present bill being in the nature of a bill to carry that assignment into effect, in such a case parol evidence is admissible to rebut or explain an equitable interest.

The judgment was nominally assigned to the debtor, but his equitable interest in it was only one fourth, which was all that the complainant was entitled to. This fourth being paid before the decree, together with costs up to that time, it was proper to dismiss the bill at the cost of the complainant.

THIS was an appeal from the district court of the United States, for the northern district of Mississippi.

The facts in the case are stated in the opinion of the court.

It was argued by *Mr. Phillips*, for the appellant, and by *Mr. Bibb*, for the appellee.

*Mr. Phillips* made the following points: —

A judgment creditor is entitled in equity to attach a debt due to the debtor. Bayard *v.* Hoffman, 4 John. C. 453; Egberts *v.* Pemberton, 7 Ib. 209; Hudson *v.* Plets, 11 Paige, 182; Candler *v.* Petit, 1 Ib. 170.

Parol evidence was inadmissible to contradict the assignment. It is conceded that the design was to invest the party with a "legal title." 1 Story's Eq. §§ 113–115; 6 Ves. 332; 1 Pet. 16; 3 Greenleaf's Ev. 368.

The evidence offered by defendant that his object was to

enable Farmer to use the judgment as a set-off, while he remained the owner thereof, shows an attempt to commit a fraud upon the law. 1 Poth. on Obl. 415; Barb. on Set-off, 37, 58; 7 Cow. 469, 481; 1 Paige, 289.

The agreement set up is equally obnoxious to the charge of champerty. 2 Sims and Stu. 244; 15 Ves. 156; 2 Story's Eq. 1049.

The new agreement offered to be set up being in itself illegal, will not be admitted as an answer to the prayer of the bill. 7 Ves. 470; 2 Story's Eq. §§ 298, 305, 697.

As to costs, courts of equity are governed by " general rules and former precedents ;" and when a question of costs is connected with a substantial ground of appeal, the party may succeed with the former question though he fail with the latter. 2 Hagg. Ecc. Rep. 374; 4 Russel, 180.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal in chancery, from the district court of the United States for the northern district of Mississippi.

Rhodes, the complainant, recovered two judgments, in 1850, against Sneed, Wright, James E. Farmer, and William B. Farmer, in the district court — one for the sum of $1,308.68, the other for $3,179.19 — on which executions were issued and returned, *nulla bona.* Prior to this, W. and C. Fellows, in the name of McKewen, King, and Company, had recovered a judgment against James Strong and others, for $3,937.75, in the same court; and Strong, with the view of placing his property beyond the reach of the judgment, conveyed it to his wife. This conveyance, on an issue being made, under the practice of Mississippi, was set aside.

In the trial of the above issue, the complainant states it appeared in proof that William B. Farmer was the owner of the judgment against Strong and others, it having been assigned to him by W. and C. Fellows; and the complainant alleged that his judgment against Farmer, being unsatisfied, was a lien in equity upon the interest and claim of William B. Farmer, to the judgment assigned to him. And the complainant prayed that said judgment might be held by Farmer and W. and C. Fellows, subject to his judgments, and that they might be enjoined from paying it over, &c.

William B. Farmer, in his answer, admits that the judgments against him had been obtained, and that executions on them had been returned, *nulla bona.* He denies that the judgment against Strong was ever sold to him; but he states that, in 1848, being sued for a large debt, which he supposed to belong to Strong, and wishing to procure a set-off, he applied to W. and

C. Fellows for the control of said judgment, offering to pay them three fourths of the amount that he might realize of the judgment, should he be able to use it as a set-off, which was agreed to by them; and that he executed a penal bond, to pay to the said W. and C. Fellows three fourths of the amount so recovered on their judgment.

Defendant also states that the complainant received from James E. Farmer, a co-defendant, a sum of money, on the receipt of which he released the judgments; and the defendant submits, whether such release does not exonerate the other defendants.

He also states that he had made a verbal assignment of the judgment to William Cathron, as an attorney, for collection; and he submits whether the judgment can be made liable by the complainant to the satisfaction of his judgments. Other matters are set up in the answer, and he prays that the answer may be considered a cross-bill, &c.

The condition of the penal bond, given to W. and C. Fellows, stated that they had transferred to Farmer the judgment against Strong et al., for the sum $3,937, subject to credits of about $763. Now, if the said obligors shall pay to W. and C. Fellows, or their assigns, in two equal instalments, on the 27th of January, 1849, and on the 27th of January, 1850, three fourths of the amount which may be secured or realized by said Farmer out of said judgment, bearing interest at six per cent., deducting costs and attorney's fees which may be incurred, &c., then the obligation to be void.

In their answers, W. and C. Fellows deny that their co-defendant, William B. Farmer, is the owner of the whole of their judgment against Strong and others, but admit that he has an interest of one fourth part, &c.

During the pendency of this suit, the following receipt was given by John S. Topp, counsel for the complainant:—

"June 9, 1852. Received of Messrs. Boston and Stearns, $1,052.59, being the one fourth part of the balance left in the marshal's hands, in the case of W. and C. Fellows v. Strong and wife, after deducting $700 for fees, as provided for in the within agreement."

The district court, in its decree, says: " It appearing to the court that from the written admissions of Mr. Topp, solicitor for the complainant, since his filing the bill in this cause, recovered one fourth of the amount of the judgment of W. and C. Fellows v. James Strong and Mary A. Strong, his wife, which is enjoined in this cause, and that the complainant is entitled to no further relief in the premises, the injunction was dissolved, and the bill dismissed at the complainant's costs.

The judgment of W. and C. Fellows *v.* Strong was assigned to Farmer without condition, and it is contended that parol evidence was not admissible to alter the terms of the assignment.

There is a good deal of testimony on the contract of assignment. Some of the statements are somewhat conflicting, but they are reconcilable; and the result of the whole is, that the assignment was made of the judgment to enable Farmer to use it by way of set-off to a demand against him which he supposed belonged to Strong. But it was understood that Farmer should have one fourth of the amount recovered from Strong, after deducting the costs for his labor and trouble in collecting the money, and for the payment of the residue of the judgment he gave bond and security.

The assignment of the judgment was good in equity, and though absolute on its face, the bond given expressed the conditions, and showed that Farmer's interest in the judgment against Strong extended only to one fourth part of it, after deducting costs.

The bill of the complainant is in the nature of a bill for a specific execution of the assignment of the judgment, and in such a case parol evidence is admissible to rebut or explain in equity. But the penal bond given to W. and C. Fellows, by Farmer, with Brown as security, sufficiently explains the transaction.

The judgments obtained by the complainant against William B. Farmer and others constituted no lien, equitable or legal, on the judgment against Strong, after it was assigned to Farmer; and no relief could be given to the complainant against the assigned judgment, beyond the equitable interest of Farmer. He is represented to have been insolvent at the time the decree was entered. As one fourth of the judgment, after paying costs, was paid to the complainant before the decree, we think that the decree of the district court dismissing the bill at the complainant's costs, was correct.

The defendants were not liable to pay more than one fourth of the judgment, and as that amount was paid, about the time it was collected on the judgment against Strong, the defendants were not in default.

There is no evidence of a payment to the complainant by James E. Farmer, a co-defendant of William B. Farmer, on which a release of the judgments was executed by the complainant, as alleged in Farmer's answer. Nor is there any ground of defence, from the alleged verbal agreement with Cathron, who, as an attorney, was employed to collect the judgment against Strong.

The complainant, both in prosecuting the suit in the district

court, and also by his appeal to this court, sought to recover the whole amount of the judgment against Strong, or at least so much of it as would satisfy his two judgments against Farmer and others. But he can in this mode of proceeding reach only the equity of his judgment debtor in the assigned judgment; and having received that, he can claim nothing more. The decree of the district court is affirmed, at the costs of the complainant.

### Oraer.

This cause came on to be heard on the transcript of the record from the district court of the United States for the northern district of Mississippi, and was argued by counsel. On consideration whereof it is now here ordered, adjudged, and decreed by this court, that the decree of the said district court in this cause be and the same is hereby affirmed, with costs.