## SUPREME COURT.

### Pusey *et al.* agt. Bradley *et al.*

In an action to enforce a lien the court has the right, even after the issue joined, to make any person a party who may be necessary to a full determination of the equities involved.

While it is questionable whether a creditor who procures a preference by a lien may not be obliged to surrender it in order to commence proceedings under the bankrupt act, it would be against equity to allow him to urge the bankruptcy of his debtor in one tribunal and in another avail himself of the advantages of his lien.

Proceedings in a state court may be suspended or controlled by the federal courts, not by acting directly on the former, but by acting on the parties through the instrumentality of an injunction.

*New York General Term, December,* 1873.

Brady, *J.*—If the claim of Bradley and Nicholson is not just it can be contested by the company in the proceeding to enforce the lien acquired by the laws of this state (*Chap.* 402 *Laws* 1854, *p.* 1086, §§ 13 *and* 14; *Laws* 1858, *p.* 324; *Laws* 1870, *p.* 1283). The plaintiffs are not therefore entitled to the continuance of the injunction granted in all respects. This conclusion is the result of several examinations of this controversy, so far as it is disclosed by the papers. If the company was in collusion with Bradley and Nicholson or were friendly to them and their claim, it would be otherwise as to the plaintiff Pusey, but it is not so. The company, on the contrary, are adverse to them and deny the validity of their alleged demand, having already appeared in the action brought to enforce it, and set up substantially the same matters in defense which are here relied upon. Whatever may be legally proved to show the falsity of the claim made, can be given in evidence in the action to enforce the lien. The

company is therefore in a position to secure its own rights, and, if successful, the apprehensions of the plaintiffs will be groundless; but if otherwise, then the defendants Bradley and Nicholson must be regarded as justified in their proceedings so far as they may be successful. The plaintiff Pusey being only a creditor of the company, and the debtor having done nothing unlawful to his injury, either directly or indirectly, by collusion or otherwise, and the defendants Bradley and Nicholson having resorted to a legal mode of redress, in which the rights of the company can be protected, it seems that he is not in the relation to the parties, or either of them, which entitles him to demand from this court its equitable interference to the extent asked.

It may be here remarked, also, that in the action to enforce the lien there can be little doubt, under the provisions of section 14 of the act creating it (*supra*) and of the Code, that the court in which it is pending has the right, after issue joined, to make any person a party who may be necessary to a full determination of all the equities involved. In regard, however, to the proceedings in bankruptcy, a different result must ensue. The plaintiff Pusey had taken a large amount of the bonds of the company, and the extraordinary proceedings in bankruptcy are, if continued, well calculated to destroy the value of his securities and to deprive him of his compensation for meritorious services in constructing the road, and in that way contributing to the security of the defendants Bradley and Nicholson, assuming their lien to be good. The defendants Bradley and Nicholson cannot avail themselves of their advantages acquired by the lien, and urge the bankruptcy of the company, which might be attended with disastrous consequences, at the same time in different tribunals upon a disputed claim. It would be against principles of natural justice and equity to allow such an oppressive course of procedure. It is true that it may be well questioned whether the creditor who secures a preference by lien is not obliged to surrender it in order to commence proceedings under the bankrupt act, but

this question we are not called upon now to consider. Upon the propriety of restraining the party in these proceedings, the views expressed by justice FANCHER in this case, at special term, meet with our approbation. The parties to fraudulent or oppressive proceedings in another court may be enjoined.

This is a distinction pointed out in *Schuyler* agt. *Pellissier* (3 *Edw.*, *ch.*, 203, 205), and is recognized in *ex parte Christie* (3 *How. U. S.*, 292, *p.* 318). Justice STORY declared in the case last cited that proceedings in a state court might be suspended or controlled, not by acting on the courts, but by acting on the parties through the instrumentality of an injunction or other remedial proceeding. And SUTHERLAND, justice, in *N. Y. & N. H. R. R. Co.* agt. *Schuyler* (17 *How.*, 464), pronounced the same doctrine. See also decision of justice INGRAHAM to same effect in same case (8 *Abb. Pr. Rep.*, 239) In this litigation the defendants Bradley and Nicholson and the company are already before this court in another action in reference to the subject-matter of this action, and at the instigation of the defendants Bradley and Nicholson, and there is therefore an additional reason why the control of parties should be exercised. They invoked the jurisdiction of this court and must abide by it. By enjoining them from proceeding in bankruptcy and permitting their action to enforce their lien to proceed, substantial justice will be done to all parties. The order made at special term will be modified accordingly.

INGRAHAM, P. J., concurred.